IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRIS FERRARA, SR. and ANGELA FERRARA, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. 25-00133-KD-N ) |
| OAK SHORES DEVELOPMENT, LLC, | ) ) ) |
| Defendant. | ) |

# ORDER

This action is before the Court on Plaintiffs Chris Ferrara, Sr. and Angela Ferrara's Motion for Leave to Amend their Complaint (doc. 29), proposed First Amended Complaint (doc. 29-1), Defendant Oak Shores Development LLC's Response (doc. 34) and Affidavit in support (doc. 34-1), and the Ferraras' Reply (doc. 38). Upon consideration, and for the reasons set forth herein, the Motion is DENIED.

I. Background

The Ferraras filed suit against Oak Shores in the Circuit Court of Baldwin County, Alabama (doc. 1-1).  The Ferrars request equitable relief in the form of an injunction to enjoin Oak Shores from use of a disputed easement across the Ferraras' real property. The Ferraras also request declaratory relief, regarding the validity of the easements ad to address the invalidation of city-approved development plans for the real property owned by Oak Shores which adjoins the Ferraras' real property.

Oak Shores removed the action alleging diversity jurisdiction, answered the Complaint and counterclaimed against the Ferraras.  In its counterclaim, Oak Shores requests declaratory

relief, injunctive relief, and damages (doc. 3).[1]  The Ferraras moved to remand alleging that the amount in controversy was not met (doc. 6).  The motion was denied.

Now, in their Motion for Leave to Amend their Complaint, the Ferraras seek leave to amend to add two new Defendants: Westcor Land Title Insurance Company, Inc., (Westcor) a citizen of South Carolina and Florida, and Orange Beach Title, LLC (OBT). The parties agree that OBT is an Alabama citizen, whose joinder would destroy diversity, because the Ferraras are Alabama citizens.[2]

The Ferraras argue that Westcor and OBT are required parties under Fed. R. Civ. P. 19. The Ferraras seek to add an additional count for declaratory judgment against Westcor and OBT declaring that they have a duty to indemnify and defend the Ferraras under the title insurance policies issued by OBT and underwritten by Westcor on Lots 1 and 2, "or alternatively, for negligence against Westcor and OBT" (doc. 29, p. 2-3).

II. Statement of the law

The Ferraras rely upon Fed. R. Civ. P. 15(a). However, when a "plaintiff seeks leave to amend a complaint to add a non-diverse defendant following removal to federal court on diversity grounds, the analysis is informed not by the liberal amendment principles of Rule 15(a)(2), but instead by the provisions of § 1447(e)." Adams v. Int'l Paper Co., No. CV 17-0105-WS-B, 2017 WL 1828908, at *3 (S.D. Ala. May 5, 2017) (citing Ingram v. CSX Transp., Inc.,

---

[1] Oak Shores seeks declaratory judgment (Count I), and claims breach of easement and deed covenants (Count II) and trespass (Count III).

[2] In the notice of removal, Oak Shores alleged that the Ferraras were either citizens of Louisiana or Alabama, and that it was a citizen of Georgia, and therefore, the parties' citizenship was diverse. In the Counterclaim, Oak Shores alleged that the Ferraras were citizens of Louisiana (doc. 3, p. 13).  However, the Ferraras admit that they are citizens of Alabama (doc. 22, p. 2, Disclosure Statement).

146 F.3d 858, 862 (11th Cir. 1998) ("… in determining whether to grant Ingram's motion, the district court should have considered 28 U.S.C.A. § 1447(e)"). The statute provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court".

In this circumstance, "the district court should more closely scrutinize the pleading and be hesitant to allow the new non-diverse defendant to join." Reyes v. BJ's Restaurants, Inc., 774 Fed. Appx. 514, 517 (11th Cir. 2019). "This is necessary 'because justice requires that the district court also balance the defendant's interests in maintaining the federal forum' it has properly invoked due to the parties' complete diversity." McCrory v. Costco Wholesale Corp., 584 F. Supp. 3d 1091, 1097 (S.D. Ala. 2022) (quoting Dever v. Family Dollar Stores, LLC, 755 Fed. Appx. 866, 869 (11th Cir. 2018)); see also Adams, 2017 WL 1828908, at *3 ("This framework is designed to facilitate the balancing of the defendant's interest in maintaining a federal forum with the competing interest disfavoring parallel lawsuits in federal and state courts.").

In Hickerson v. Enterprise Leasing Co., 818 Fed. Appx. 880, 885 (11th Cir. 2020), the Eleventh Circuit explained that "[o]ur court has no binding precedent that addresses how a district court should decide whether to permit the joinder of a non-diverse defendant after removal. However, decisions from other circuits are instructive." (citing inter alia Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987)). Thus, when "deciding whether to permit joinder of a party who would defeat complete diversity[,] a court should consider the following factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in asking for amendment, (3) whether plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the

equities." Hickerson, 818 Fed. Appx. at 885; Reyes, 774 Fed. Appx. at 517; Dever, 755 Fed. Appx. at 869).

    III. Analysis

The Ferraras argue that Westcor and OBT are each a "required party" as defined in Fed. R. Civ. P. 19(a)(1) because the factor in subparagraphs (A) and (B) are met (doc. 29, p. 3). The Ferraras argue that since joinder of Westcor and OBT is not feasible because OBT is not diverse from the Ferraras, the four factors in Fed. R. Civ. P. 19(b) are met and the Court should allow joinder and remand this action to the Circuit Court of Baldwin County, Alabama.

Oak Shores argues that Rule 19 does not apply (doc. 34, p. 19-21). Oak Shores asserts that "Rule 19 is intended to allow the Court and defendants to handle situations where a Plaintiff failed to add a required party. It is not intended to give [the Ferraras] a remedy for their own failure to add parties" (Id., p. 19-20) (emphasis deleted). Oak Shores also argues that even if the Rule applied, Westcor and OBT are not required or indispensable parties because the Ferraras can obtain complete relief on the claims in this action – the underlying title dispute between Oak Shores and the Ferraras - without their presence. (Id., p. 20).

In their reply, the Ferraras assert that '[w]hile Rule 19 should be considered, it does not control the analysis of whether joinder is proper" (doc. 38, p. 11). Also, they agree that the analysis under 28 U.S.C. § 1447(e) controls the decision whether to permit joinder in the present procedural posture, and that a non-diverse party need not be indispensable under Rule 19 in order for the Court to allow joinder (Id.).

Thus, the Court need not ascertain whether Westcor and OBT are required parties under Rule 19. See Hensgen, 833 F.2d at 1182 (the "balancing of these competing interests is not served by a rigid distinction of whether the proposed added party is an indispensable or

permissive party"); T&G Corp. v. United Cas. & Sur. Ins. Co., 552 F. Supp. 3d 1334, 1344 (S.D. Fla. 2021) (finding that "[t]he Rule 19 distinction thus adds little to the analysis.") (citing Hensgen, 833 F.2d at 1182; Mayes v. Rappaport, 198 F. 3d 457, 462 (4th Cir. 1999) and Heininger v. Wecare Distributors, Inc., 706 F. Supp. 860, 862 (S.D. Fla. 1989)).

Applying the Hensgen factors, Oak Shores first argues that the Motion for Leave to Amend should be denied because the Ferraras seek to add OBT for the improper purpose of defeating diversity and obtaining a remand to state court. Oak Shores argues that the Ferraras' motives were made clear in paragraph 20 of their Motion wherein they state that "a remand of this case to the Circuit Court of Baldwin County is a full and adequate remedy for Plaintiffs if joinder is allowed." (doc. 34, p. 11). Oak Shores also argues that the Ferraras knew the identity of their title insurer and title agency, Westcor and OBT, before the action was filed and moving to add them now, after removal, is a factor to consider in determining whether the amendment is for the purpose of avowing federal jurisdiction. Oak Shores argues that this knowledge along with the timing of the Motion, about a week after the Report and Recommendation recommending denial of the motion to remand, demonstrate that the Motion was brought for an improper purpose (doc. 34, p. 10-12).

The Ferraras argue that Oak Shores mischaracterized their argument in paragraph 20 because they were addressing Rule 19(b)(4) which asks "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder". Fed. R. Civ. P. 19(b)(4). They assert they were explaining that an adequate remedy existed, a state court with jurisdiction, and were not conceding an improper motive (doc. 38, p. 3-4). The Ferraras admit they knew the identity of Westcor and OBT before filing their Complaint but assert that only after Westcor failed to respond by June 30, 2025, to their June 25, 2025 demand letter, did they realize

5

potential claims against Westcor and OBT. The Ferraras argue that "the question of insurance coverage was not an issue in this case until Westcor refused to confirm coverage of [Oak Shores] counterclaims." (Id., p. 4). They assert that their intent was to add Westcor and OBT whom they belief are necessary for the full and adequate adjudication of the claims in this action.

Applying close scrutiny and being hesitant to allow a new non-diverse defendant, Reyes, 774 Fed. Appx. at 517, the Court finds that this factor, the extent to which the purpose of the amendment is to defeat federal jurisdiction, weighs in favor of denying the Motion. The Counterclaim was filed April 22, 2025. However, the Ferraras waited until June 25, 2025, after the Report and Recommendation to deny the motion to remand was entered June 23, 2025, to demand a defense and coverage from Westcor and OBT, an Alabama citizen. When Westcor and OBT did not respond by June 30, 2025, and with the July 1, 2025 deadline in place, the Ferraras moved to amend to add their claims against Westcor and OBT in this action. The reasonable implication being that the Ferraras are seeking a new path for remand. The Ferraras assert that they only sought to add parties which were necessary to a full and adequate adjudication of the claims in this action. However, issues of whether the Ferraras are owed a defense and coverage are not claims in this action, and thus, the proposed parties are not necessary to adequately adjudicate the claims in this action.

As to the second Hensgen factor, whether the plaintiff has been dilatory in moving to amend, Oak Shores argues that the timing of the Motion was dilatory because it was filed after the Ferraras twice represented to the Court (on June 5, 2025 and June 23, 2025) that they did not intend to amend their Complaint. Oak Shores again points out that the Ferraras sought leave to amend soon after the Report and Recommendation to deny their motion to remand was entered. Again, Oak Shores points out that the Ferraras knew the identity of their title insurer and title

agency, the terms of the policy, and that there was a title dispute before this action was filed and argues that they were dilatory in waiting to move to amend until after removal (Id., p. 12-14).

The Ferraras argue they were not dilatory.  They point out that the Motion was filed to meet the July 1, 2025 deadline and not in response to the recommendation to deny remand entered June 23, 2025   The Ferraras also explain that while representing they did not plan to amend, they did so before knowing that Westcor and OBT would refuse to acknowledge coverage and defense on the Counterclaims (as previously stated, this occurred after the June 30, 2025 deadline for Westcor and OBT to respond to the June 25, 2025 letter).³  The Ferraras argue that the timing of the Motion "had nothing to do with the issuance of the Report and Recommendation … but was based on the facts and circumstances that developed over the course of dealing with" Westcor and OBT (doc. 38, p. 5-6).  (Id., p. 5-6).

This factor weighs in favor of denying the Motion. "A plaintiff is dilatory in adding a non-diverse party when the plaintiff waits an unreasonable amount of time before asking for an amendment, despite having been able to ascertain the party's role in the suit all along." Hickerson, 818 Fed. Appx. at 886.  Here, the Counterclaim which the Ferraras assert necessitates adding Westcor and OBT, was served in April 2025. But the Ferraras waited until after the Report and Recommendation recommending denial of the motion to remand was entered to tender a demand for defense and coverage on the Counterclaim.  That the Motion was filed after Westcor and OBT did not respond to their demand, weighs somewhat in favor of the Ferraras. Arguably, the Ferraras had no claim against Westcor and OBT until they refused to defend or provide coverage.  However, the overall lapse of time between service of the Counterclaim and

---

³ The Ferraras now report that their counsel received a verbal denial by telephone on July 18, 2025 and that he requested written confirmation (doc. 38, p. 6).

the demand for defense and coverage as well as the close proximity between the Report and Recommendation and the Motion and demand supports an inference that the Ferraras were dilatory.

As to the third Hensgen factor, whether the Ferraras will be significantly injured if amendment is not allowed, Oak Shores argues that the Ferraras will not be prejudiced because they may obtain the full relief sought in this action - declaratory and injunctive relief - without adding Westcor and OBT. Oak Shores points out that issues regarding coverage, defense and indemnification are not presently before this Court and would only be if the amendment is allowed. Oak Shores also asserts that these issues are arguably premature (Id., p. 14-15).

The Ferraras argue that they will be prejudiced because they would "need to participate in duplicative efforts to resolve their claims against" Westcor and OBT "that involve the same identical facts and circumstances as the claims against, and counterclaims asserted by Oak Shores." (doc. 38, p. 7). The Ferraras argue that litigating a parallel proceeding considered along with the risk of inconsistent outcomes, expense, and considerations of judicial economy, results in a significant injury. (Id.)

This factor weighs in favor of denying the Motion. The Eleventh Circuit has explained that "[b]eing made to litigate against [a separate defendant] in state court does not necessarily amount to a significant injury—even if it results in duplicative efforts on the plaintiffs' part—." Hickerson, 818 Fed. Appx. at 886. Also, Section 1447(e) provides that "the court may deny joinder", with the obvious result that plaintiffs would have to seek relief elsewhere. Also, there does not appear to be a risk of "inconsistent outcomes" because the issue of whether Westcor and OBT owe the Ferraras a defense and indemnification will not be decided by this Court in the current case. Arguably, the state court action which the Ferraras may file would not be parallel.

The parties would not be the same or substantially the same and the issues – whether Westcor and OBT owed the Ferraras a defense and coverage under the terms of the title insurance policies and whether they negligently failed to provide insurance – would not be the same or substantially the same.

The facts and circumstances giving rise to this action may be the facts upon which issues of coverage and defense may be determined. However, the existence of an underlying lawsuit to determine the facts and liabilities in a different court from the court deciding or declaring whether a defense and coverage are owed to a party in the underlying lawsuit is a common procedural circumstance.

Regarding the fourth Hensgen factor, other factors bearing on the equities, Oak Shores argues that while the Ferraras assert prejudice against Westcor and OBT if they are not added, these entities "can decide for themselves whether they would be prejudiced" (Id., p. 15). Oak Shores points out that Westcor and OBT are aware of this action and neither have sought to join or otherwise be involved in the action. Moreover, Oak Shores again asserts that issues among the Ferraras and Westcor and OBT should be decided separately from this action. (Id., p. 15-16).

The Ferraras argue that Westcor and OBT may be prejudiced "if not permitted to represent their own interests in this litigation" (doc. 38, p. 1). They also argue that the absence of Westcor and OBT would be prejudicial because "[t]here is no practical way for this Court to shape a judgment to lessen prejudice that would arise from nonjoinder of the two insurance parties" (Id., p. 2).

This factor weighs in favor of denying the Motion. The Ferraras have not explained the specific prejudice that Westcor and OBT would experience if the Motion is denied. Regardless of whether they are added to this action as defendants or sued in a separate action, Westcor and

OBT will have to appear and defend, and incur the expense and inconvenience of litigation. Moreover, as Oak Shores points out, Westcor and OBT are aware of this litigation. If they believe they would be prejudiced by not joining this action, they could move for leave to intervene.

Oak Shores also argues that it will be significantly prejudiced by the addition of Westcor and OBT.  Oak Shores asserts that if the amendment is allowed, "[a]dding additional parties will upend the Scheduling Order and the delay will cause Oak Shores significant financial hardship"[4] and that it will be prejudiced by "a second round of briefing to address a second motion to remand that the Ferraras intend to file." (Id., p. 16-19).

The Ferraras argue that Oak Shores will not be significantly prejudiced because allowing the amendment would result in an automatic remand to state court, without the necessity of a motion to remand or additional procedural litigation in this Court.  They also point out that Oak Shores inconsistently claims that it would be prejudiced by the additional litigation that would result if the Motion were granted, when it argued that additional litigation would not prejudice the Ferraras (doc. 38, p. 8-9).

This factor also weighs in favor of denying the Motion.  Oak Shores is correct that amending the Complaint and adding new claims and parties will delay the final resolution.  Considering that the development is on hold, Oak Shores has adequately shown prejudice.

---

[4] Oak Shores argues that further delay caused by allowing the amendment would result in mortgage interest increases, potential issues with refinancing, construction costs increase, potential loss of sales and profits, and because the Ferraras have physically blocked the easements, Oak Shores has lost the use of the easements to develop Lot 4.

III. Conclusion

Upon consideration, and for the reasons set forth herein, the Motion for Leave to Amend is DENIED.

The Ferraras' request a stay of these proceedings if the Motion is denied, so that they may pursue their legal remedies against Westcor and OBT (doc. 29, p. 5-6). The Court declines to stay this action.

DONE and ORDERED this 16th day of January 2026.

                                  s/ Kristi K. DuBose
                                  KRISTI K. DUBOSE
                                  UNITED STATES DISTRICT JUDGE